UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS CARLOS MUÑOZ-GASPAR,<br><br>                                    Petitioner,<br><br>        v.<br><br>JOHN MATTOS, *et al.*,<br><br>                                    Respondents. | Case No. 2:26-cv-01031-MMD-BNW<br><br>ORDER |

## I.      SUMMARY

Petitioner Luis Carlos Muñoz-Gaspar, an immigration detainee challenging his ongoing federal detention, filed a counseled first amended petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 7 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition.

## II.     BACKGROUND

Petitioner is a Colombian citizen who fled targeted paramilitary violence against his family in 2008. (ECF No. 7 at 5.) Petitioner entered the United States as the child of a refugee and became a lawful permanent resident. (*Id.*) In September 2022, Petitioner pled guilty to delivery of a controlled substance. (*Id.* at 6) Petitioner received a suspended sentence and was placed on probation. (*Id.*) On December 17, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner at one of his regular probation check-ins. (*Id.*) Over six months later, Petitioner remains in ICE custody.

Petitioner applied for immigration relief, including asylum. (*Id.*) On March 12, an Immigration Judge ("IJ") denied these requests for relief and ordered Petitioner removed.

---

[1]Respondents responded with a motion to dismiss (ECF No. 10) and Petitioner replied (ECF No. 11).

(*Id.*) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). (*Id.*) His appeal remains pending. (*Id.*) The government asserts Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). (ECF No. 10 at 4.) Accordingly, Petitioner has not received a custody determination hearing with the possibility of release on bond in the over six months he has been detained by ICE.

## III.    LEGAL STANDARD

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Immigration and Nationality Act ("INA") authorizes detention pending removal proceedings. *See, e.g.*, 8 U.S.C. §§ 1225, 1226. An immigration respondent's criminal history may also trigger mandatory detention. *See id.* at § 1226(c); *Jennings v. Rodriguez*, 583 U.S. 281, 305–06 (2018). Unreasonably prolonged detention, however, implicates the constitutional protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 690, 701 (finding post-removal detention under 8 U.S.C. § 1231 may not continue when "there is no significant likelihood of removal in the reasonable foreseeable future" because despite the open-ended language of the statute, "[a] statute permitting indefinite detention…would raise a serious constitutional problem); *Vargas v. Wolf*, No. 2:19-cv-02135-KJD-DJA, 2020 WL 1929842, at *7 (D. Nev. Apr. 21, 2020) (citation omitted) (addressing prolonged detention under 8 U.S.C. § 1226(a) and concluding that "[n]early all district courts that have considered the issue agree that prolonged mandatory

2

detention pending removal proceedings, without a bond hearing, will – at some point – violate the right to due process").

The principle that unreasonably prolonged detention implicates constitutional concerns applies to detention mandated by statute, including 8 U.S.C. § 1226(c). *See Demore*, 538 U.S. at 532 ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." (Kennedy, J., concurring)); *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024) ("[D]ue process bars the Executive from detaining such individuals for an unreasonably prolonged period under section 1226(c) without a bond hearing."); *Reid v. Donelan*, 17 F.4th 1, 8 (1st Cir. 2021) (noting that the government "conceded that mandatory detention under [Section] 1226(c) without a bond hearing violates the Due Process Clause when it becomes unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal noncitizens"). While "as a matter of statutory construction," 8 U.S.C. § 1226(c) mandates indefinite detention unless the textual exception of witness protection applies, the Supreme Court in *Jennings v. Rodriguez* explicitly did not reach the issue of whether prolonged detention under this statute may violate the Constitution. *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) (citing 583 U.S. at 304, 312); *see also Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it."). The issue of when detention under Section 1226(c) becomes unconstitutional remains unresolved under both Supreme Court and Ninth Circuit precedent. *See De Leon v. Mayorkas*, No. 2:23-cv-02073-GMN-VCF, 2024 WL 343437, at *2 (D. Nev. Jan. 29, 2024) (citing *Jennings*, 583 U.S. 281; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Avilez v. Garland*, 48 F.4th 915, 927 (9th Cir. 2022)).

3

However, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d at 256.

## IV.    DISCUSSION

Petitioner argues that his prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates his right to due process under the Fifth Amendment of the United States Constitution. (ECF No. 7 at 7.) Respondents argue existing precedent bars Petitioner's claim. (ECF No. 10.) The Court addresses both arguments below.

### A.    Supreme Court Case Law Does Not Bar Petitioner's Claim

Respondents argue that detention under Section 1226(c) "does not violate either procedural or substantive due process in accordance with over a century of Supreme Court precedent." (ECF No.10 at 1.) Respondents cite a string of six cases to support this argument. The Court addresses each case and explains why it does not foreclose Petitioner's claim.

First, Respondents cite *Denmore v. Kim*, 538 U.S. 510. This is the only case, of the six Respondents cite, that discusses detention under Section 1226(c). There, the Supreme Court concluded that an immigration respondent with an applicable criminal history "who has conceded that he is deportable" may be mandatorily detained under Section 1226(c) "for the limited period of his removal proceedings." *Id.* at 531. However, "[w]hile the Court's holding [in *Denmore*] implicitly rejected an across-the-board rule that some hearing must always be held within six months, the opinion would seem to leave open the possibility that in most individual cases, detentions of six months (or of even less time) might necessitate some type of hearing to see if continued detention is reasonably necessary to serve the statute's purposes." *Reid*, 17 F.4th at 8. Accordingly, the Court finds *Denmore* does not foreclose Petitioner's "as-applied challenge[]." *Nielsen*,

4

586 U.S. at 420; *see also Reid*, 17 F.4th at 12 (finding that "any such relief must be adjudicated on an individual basis").

Second, Respondents cite to *Carlson v. Landon*, 342 U.S. 524 (1952). This case is cabined to the issue of noncitizen Communists facing mandatory detention under now-repealed statutes. *See id.* at 531 (citing 8 U.S.C. § 156). The Supreme Court also expressly noted that the issue of "unreasonable delay" was not before it. *Id.* at 537 (citation omitted). For these reasons, *Carlson* does not bar Petitioner's claim here.

Third, Respondents cite *Wong Wing v. United States*, 163 U.S. 228 (1896). There, the Supreme Court concluded that the Chinese Exclusion Act could not constitutionally impose "imprison[ment] at hard labor" for up to a year as part of immigration detention. *Wong Wing*, 163 U.S. at 233, 238. While the Court noted in dicta 130 years ago that "detention or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens, would be valid," this does not support the Respondents' assertion that this case somehow prohibits as-applied challenges to the constitutionality of prolonged confinement without bail under 8 U.S.C. § 1226(c). *Id.* at 235.

Respondents include "see also" cites to three more Supreme Court cases, without pincites or parenthetical explanations identifying their relevance. (ECF No. 10 at 1 (citing *Reno v. Flores*, 507 U.S. 292 (1993); *Mathews v. Diaz*, 426 U.S. 67 (1976); *Fiallo v. Bell*, 430 U.S. 787 (1977)).) Like the earlier two cited cases, *Reno v. Flores* does not discuss detention under Section 1226(c), nor does it discuss mandatory detention at all. *See* 507 U.S. 292 (discussing statutory conditions requiring detained juvenile noncitizens be released to "responsible adults"). The two other cases do not discuss immigration detention at all, let alone mandatory detention under Section 1226(c). *See Mathews v. Diaz*, 426 U.S. 67 (discussing the the lawfulness of a residency requirement to obtain benefits under the Social Security Act); *Fiallo v. Bell*, 430 U.S. 787 (discussing the

lawfulness of INA provisions that afford special preference immigration status to noncitizens who qualify as children of parents but not the natural fathers of illegitimate children).

In sum, none of the cases Respondents cite bars an individualized inquiry into whether Petitioner's ongoing detention under Section 1226(c) without a bond hearing violates the Constitution. Therefore, the Court will proceed with analyzing Petitioner's claim.

### B.    Due Process Inquiry

Petitioner argues that *Mathews v. Eldrige* lays out the appropriate balancing test for the Court to apply to Petitioner's claim. (ECF No. 7 at 10 (citing 424 U.S. 319 (1976)). District courts in this circuit have taken various approaches in determining whether due process requires a bond hearing. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877-78 (E.D. Cal. 2022) (collecting cases). Notably, Respondents do not argue for one of these alternative tests. *See cf. id.* at 878-879. Instead, they argue that "[t]his Court need not analyze the *Mathews* factors as the Supreme Court has already determined that temporary detention pending immigration proceedings does not violate either procedural or substantive due process." (ECF No. 10 at 2.)  Respondents cite no case law to substantiate this conclusion and rely instead on the six cases the Court reviewed above and concluded did not bar Petitioner's claim here. Because Respondents do not argue for any alternative test, the Court will adopt the approach embraced by other judges in this district and apply the *Mathews* balancing test. *See De Leon v. Mayorkas*, 2024 WL 343437, at *2-3; *see also Rodriguez Diaz*, 53 F.4th at 1206 ("Ultimately, *Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context.").

Under the *Mathews* test, the Court balances three factors to determine whether an individual received adequate due process: (1) "the private interest that will be affected by

6

the official action;" (2) "the risk of erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews*, 424 U.S. at 335. The three factors balance in favor of Petitioner.

First, the Court finds Petitioner has an "unquestionably substantial" private interest in being free from prolonged detention. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner has now been detained for over six months. In *Rodriguez Diaz*, the Ninth Circuit reasoned that it could not "overlook that most of the period" of a petitioner's detention "arise from the fact that he chose to challenge" his removal order to the BIA and the Ninth Circuit. *Rodriguez Diaz*, 53 F.4th at 1207-08. Here, Petitioner had already been detained for nearly three months when the IJ denied Petitioner's applications for relief. Approximately half of Petitioner's ongoing detention is due to his lawful appeal of the BIA of the IJ's removal order. And regardless, "[a] 'delay' caused by an appeal is not generally considered dilatory conduct; a noncitizen has a right to an appeal." *See Haidari v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-CV-00039-TL, 2026 WL 764689, at *5 (W.D. Wash. Mar. 18, 2026). The Court therefore does not count the ongoing delay of Petitioner's lawful appeal as factoring against his substantial private liberty interest here.

The Court finds the second factor also weighs in Petitioner's favor. "The second *Mathews* factor is 'the risk of an erroneous deprivation of [petitioner's liberty] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards.'" *Rodriguez Diaz*, 53 F.4th at 1209 (quoting *Mathews*, 424 U.S. at 335). "[T]he risk of an erroneous deprivation [of liberty] is high where, as here, [the petitioner] has not received any bond or custody redetermination hearing." *Singh v.*

7

*Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (internal quotation marks omitted) (citation omitted). Unlike immigration respondents detained under 8 U.S.C. 1226(a), Petitioner has not received any individualized custody determination nor is he guaranteed any by statute or regulation until his immigration proceedings are complete. *See cf. Rodriguez Diaz*, 53 F.4th at 1208 (finding the process owed under Section 1226(a), including an initial bond hearing and a new bond hearing for materially changed circumstances, diminishes a petitioner's interest under *Mathews*). The Court finds that a bond hearing would effectively address the significant risk of unlawfully continuing Petitioner's detention.

Finally, the government's interest here does not outweigh the first two factors. The final factor "ultimately entails an assessment of the 'public interest.'" *Hernandez-Lara v. Lyons*, 10 F.4th 19, 32 (1st Cir. 2021) (quoting *Mathews*, 424 U.S. at 335). "The government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore*, 538 U.S. at 515). However, the government's interest in detaining petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). And "[t]his minimal burden is easily outweighed by the reduction in the risk of erroneous deprivation of liberty that would result from the additional safeguard…." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).

In sum, weighing the *Mathews* factors, the Court finds Petitioner's mandatory detention of over six months without an individualized custody determination violates his due process rights. The Court therefore will grant the Petition and order a constitutionally adequate bond hearing. At this bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal

proceedings. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See Hernandez v. Sessions*, 872 F.3d at 990.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition (ECF No. 7) is granted.

It is further ordered that Respondents' motion to dismiss (ECF No. 10) is denied.

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing, consistent with the requirements described above, no later than Tuesday, July 7, 2026. Respondents are enjoined from invoking mandatory detention of Petitioner under 8 U.S.C. § 1226(c) at this new bond hearing.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by July 7, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that the Parties shall file a joint status report by Wednesday, July 8. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied, Respondents must (1) attach the order of the immigration judge to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

///

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 30th Day of June 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE